
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEWALT PRODUCTIONS, INC., DBA
Fontaine Bleau; RODNEY DEWALT,

Plaintiffs-Appellants,

v.

CITY OF PORTLAND; et al.,

Defendants-Appellees.

No. 19-35806

D.C. No. 3:14-cv-01017-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted October 28, 2020
Portland, Oregon

Before: GRABER, CLIFTON, and IKUTA, Circuit Judges.

Plaintiffs DeWalt Productions, Inc., DBA Fontaine Bleau; and Rodney

DeWalt ("Plaintiffs") timely appeal summary judgment. We have jurisdiction

under 28 U.S.C. § 1291. Reviewing de novo, King v. County of Los Angeles, 885

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

F.3d 548, 556 (9th Cir. 2018), we affirm.

1. Defendant Steven Marks is entitled to prosecutorial immunity from Plaintiffs' procedural due process claim. Chalkboard, Inc. v. Brandt, 902 F.2d 1375, 1378 (9th Cir. 1989). His authority to rescind the order suspending Plaintiffs' liquor license was "inextricably intertwined" with his authority to issue the order. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 928 (9th Cir. 2004). Defendant Marks did not engage in any ultra vires act that would remove his immunity, particularly where his withdrawal of the first suspension order stemmed from Plaintiffs' own argument regarding a possible defect with service. Thus, the district court did not err by dismissing Plaintiffs' due process claim.

2. Even viewing the facts in the light most favorable to Plaintiffs, there are no genuine disputes of fact as to whether the City Defendants acted with discriminatory animus in requesting that the Oregon Liquor Control Commission suspend Plaintiffs' liquor license.

As to Plaintiffs' claim under 42 U.S.C. § 1981, plaintiffs "must initially plead and ultimately prove that, but for race, [they] would not have suffered the loss of a legally protected right." Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media, 140 S. Ct. 1009, 1019 (2020). Given the fatal shooting and

2

concomitant lack of security at the club, which precipitated the City's request for the liquor license suspension, Plaintiffs have not established a genuine issue of material fact that, but for the fact that the club was Black-owned, the liquor license would not have been suspended.

With respect to Plaintiffs' equal protection and Title VI claims, we note that the City has made five requests for a club's liquor license to be suspended: two for Black-owned clubs, one for an Asian-owned club, and two for White-owned clubs. Given those statistics and the nature of the fatal shooting here, there is no genuine issue of material fact regarding whether similarly situated non-Black-owned clubs were treated more leniently.

Municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), does not lie because there is insufficient evidence of a racially discriminatory policy toward Black-owned clubs. Plaintiffs failed to create a genuine dispute of fact as to whether the suspension of the liquor license was caused by a "practice or custom which constitutes the standard operating procedure of the local governmental entity." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (internal quotation marks omitted).

3. Plaintiffs forfeited the First Amendment, intentional interference with

prospective economic relations, and intentional infliction of emotional distress claims, by failing to brief them meaningfully. United States v. Graf, 610 F.3d 1148, 1166 (9th Cir. 2010).

**AFFIRMED**.